**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Pototsky,<br><br>　　　　Plaintiff,<br><br>v.<br><br>City of Nogales, et al.,<br><br>　　　　Defendants. | No. CV-20-00078-TUC-DCB<br><br>**ORDER** |

On February 20, 2020, the Plaintiff filed this action and asked to proceed without prepayment of fees. He does not file the form for proceeding *in forma pauperis* but attached a Minute Entry form the Nogales City Court appointing him counsel in a criminal proceeding. Plaintiff asserts that he is currently unemployed and relies solely on disability payments of less than $20,000 per year. The standards differ between appointing counsel for criminal defendants, who cannot afford the expense of hiring an attorney, and granting *in forma pauperis* status to cover the cost of the filing fee and service in a civil case. The former decision is made to protect one of the most basic constitutional rights which is the right to be represented by counsel in a criminal proceeding. For the latter, the Court considers whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915e(2) (establishing criteria for dismissing a case even if *in forma pauperis* status has been granted). Here, the Plaintiff must submit the *in forma pauperis* affidavit, Application to Proceed Without Prepaying Fees or Costs, required under 28

U.S.C. 1915(a)(1), which may be found on the website for the U.S. District Court, www.azd.uscourts.gov, at the tab for "For Proceeding without an Attorney," "Forms for Self-Represented Litigants." The Court notes, without deciding the question of indigency, that the Plaintiff's alleged income exceeds the 2020 poverty level for a single person, which is $12,760 annually.[1] www.aspe.hhs.gov/poverty.

As explained above, because the plaintiff seeks *in forma pauperis* status, the Court screens the Complaint under § 1915e(2). Federal courts are courts of limited jurisdiction and may only adjudicate those cases over which they have subject matter jurisdiction: basically, those cases involving diversity of citizenship or a federal question. *Kikkonen v. Guardian Life Ins. Comp.. of America*, 511 U.S. 375 (1994). Where there is neither diversity nor a constitutional violation of an individual's rights, this Court has no jurisdiction and must dismiss the case.

Section 1915(e) provides for dismissal of a Complaint filed *in forma pauperis* if the Court is convinced that the action is frivolous. Frivolousness exists if the plaintiff would not be entitled to relief under any arguable construction of law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fanciful," "fantastic," or "delusional." *Id*. at 327-28. Unlike Rule 12(b)(6), screening pursuant to § 1915 "`accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke,* 490 U.S. at 327). Alternatively, legal frivolousness justifies dismissal under § 1915(e) where a complaint is based on "an indisputably meritless legal theory...[such as] claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist...." *Neitzke*, 490 U.S. at 327.

---

[1] In 2016, the Plaintiff reported that his disability income was $2,100 per month and he had $1,000 income from a rental. He had just stopped working at his job which paid him $5,000. The Ninth Circuit Court of Appeals denied him *in forma pauperis* status to appeal this Court's dismissal of Potosky v. United States Border Patrol. (CV 14-2418 TUC DCB (Docs. 79 and 81).

Plaintiff's Complaint states that he seeks relief against Keith Barth, a part-time Magistrate, the City of Nogales, the Santa Cruz County Board of Supervisors, and Michele Cardillo for a constitutional violation of 42 U.S.C. § 1983 and 18 U.S.C. § 242.

First, section 242 is a criminal statute, making it a crime to, under color of law, subject a person to the deprivation of any federal right, privilege or immunity on account of said person's color or race. Criminal statutes, including 18 U.S.C. § 242, prohibiting the violation of an individual's civil rights on account of a person's color or race, do not provide a private cause of action or basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (holding 18 U.S.C. §§ 241-242 provide no private right of action and cannot form basis for civil suit).

Section 1983 imposes liability only upon one "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." The first inquiry is whether the Plaintiff has been deprived of a right "secured by the Constitution and laws." Secondly, any such deprivation must result from acts done by a state actor, i.e., a person acting under color of law. *Baker v. McCollan*, 443 U.S. 137, 139–40 (1979). Private individuals and entities not affiliated with a state or municipal government generally do not act "under color of state law." *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir.2011) (starting point is: presume conduct by private actor is not state action); *Price v. State of Hawaii,* 939 F.2d 702, 707–08 (9th Cir.1991) ("[P]rivate parties are not generally acting under color of state law.")

The Plaintiff's Complaint alleges the factual bases for his constitutional claims as follows. He spoke at a Santa Cruz County Board of Supervisors study session in favor of closing the Justice of the Peace Court in Sonoita, Arizona, and that Barth, the JP, assaulted him at the end of the session. Additionally, the Plaintiff believes that the assault was in retaliation of a complaint the Plaintiff made against Barth to the Commission on Judicial Conduct because the Commission subsequently issued a letter of reprimand to Barth.

Plaintiff alleges that "Defendant Barth has a long history of misconduct, filing false charges and "moving on" from one law enforcement agency to another." Plaintiff alleges that Barth reversed the facts and claimed that Plaintiff assaulted him, and shortly thereafter charges were brought against plaintiff. "Defendants have delayed proceedings with the specific intent to use the legal process to harass and retaliate against Plaintiff for exercising his rights under the Constitution. Defendants have maintained the prosecution in violation of the Six Amendment." (Complaint (Doc. 1) at 5.)

In Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 20, Plaintiff describes the assault by Barth as follows: "All three members of the board gave brief speeches that they were in favor of CLOSING the tiny little courthouse. . . . Immediately after the session ended, Barth attempted to block people from exiting the building to address the public. It was at this point that Barth, hearing his job of 12 years was OVER, assaulted Plaintiff." (Motion (Doc. 2) at 1) (emphasis in original). As noted above, liability under § 1983 depends on Defendant Barth being a state actor, i.e., a JP for Santa Cruz County, acting under the color of law. The Complaint needs to allege facts which support the assertion that Defendant Barth was a state-actor as of the time of the assault.

The Complaint does not assert a First Amendment right to freedom of speech claim, but the alleged facts that the assault was in retaliation for filing an ethics complaint, may support one. The facts cannot support a claim of malicious prosecution under the Fourth Amendment or state law, which requires facts showing damages due to a criminal prosecution, <u>which terminated in his favor</u>, with defendant as prosecutor or complaining witness acting without probable cause and with malice." *Bearup v. Bearup*, 596 P.2d 35, 36 (Ariz. App. 1979). "[T]he existence of probable cause is a complete defense to [a] claim[ ] of...malicious prosecution." *Hockett v. City of Tucson*, 139 Ariz. 317, 678 P.2d 502, 505 (Ariz. Ct. App. 1983). The favorable termination element for a malicious prosecution claim means the claim cannot be plead until and unless the Nogales City Court proceeding is terminated in favor of the Plaintiff. This "avoids parallel litigation over the issues of probable cause and guilt" and "precludes the possibility of the claimant succeeding in the

tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Heck v. Humphry,* 512 U.S. 477, 484 (1994); *McDonough v. Smith,* 139 S.Ct. 2149, 2158 (2019). The favorable termination element is the same for malicious prosecution claims brought under 1983. *Heck*, 512 U.S. at 486.

The Complaint does allege a Sixth Amendment claim, which provides many protections and rights to a person accused of a crime, including the right to a speedy trial, right to counsel, and to confront one's accuser. The Court assumes that the Plaintiff is attempting to invoke the right to a speedy trial. The Plaintiff has, however, failed to allege any specific facts against any of the Defendants, other than Barth, and there are no facts suggesting the prosecution by the City of Nogales was not independent of Barth. "It is a well-settled principle that the '[f]iling of a criminal complaint immunizes investigating officers ... from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time.' " *Harper v. City of Los Angeles*, 533 F.3d 1010, 1027 (9th Cir. 2008). Prosecutors are absolutely immune from suit for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial. *Imbler v. Pachtman*, 424 U.S. 409 (1976).

To the extent the Plaintiff seeks to allege a Sixth Amendment claim related to the ongoing criminal proceeding in Nogales City Court, this Court as noted above is limited in its jurisdiction. This Court is barred by the abstention doctrine from enjoining an ongoing state criminal proceeding. *Younger v. Harris*, 401 U.S. 37 (1971) (holding that a federal court must abstain). It lacks jurisdiction to review "final judgments of a state court in judicial proceedings," because only the United States Supreme Court has jurisdiction to review final state court judgments on appeal. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983*); see also Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415-16 (1923).

A federal court "should assume that state court procedures will afford an adequate remedy in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 4381 U.S. 1, 15 (1987), with this Court having jurisdiction under 28 U.S.C. 2254, to consider a writ of habeas corpus if he were unlawfully incarcerated.

The Court finds that the Plaintiff's Complaint, even construed in the broadest sense, fails to state a claim because it fails to allege any factual basis for federal jurisdiction. An *in forma pauperis*, pro se litigant should, however, be given an opportunity to amend the compliant to overcome a deficiency unless it is clear that no amendment can cure the defect. *See eg., Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, *Lopez v. Smith*, 203 F.3d 1122, 1129-1131 (9th Cir. 2000) (determining that a district court retains its discretion to dismiss a pro se prisoner's *in forma pauperis* complaint with or without leave to amend under Prisoner's Litigation Reform Act)

"District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine district judges' role as impartial decisionmakers. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131, n.13 (declining to decide whether the court was required to inform a litigant of pleading deficiencies under the PLRA, but noting that the pro se litigant, unskilled in the law, is far more prone to making errors in pleading than the person who has the benefit of being represented by counsel) (citing *Noll*, 809 F.2d at 1448). So, while the Court may not serve as advocate for the pro se litigant nor act as legal advisor, the Court has explained the pleading deficiencies and affords the pro se litigant an opportunity to amend the Complaint. *Noll*, 809 F.2d at 1448.

The Amended Complaint must comport with Rule 8 of the Federal Rules of Civil Procedure which provides that the pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.8(a)(2). The purpose of Rule 8 is to prevent vague and ambiguous claims and ensure that defendants will be able to frame a responsive pleading.

In drafting the Amended Complaint, the Plaintiff must include sufficient factual

details so that this Court can determine each claim existing against each Defendant. The Plaintiff must refer by name to particular Defendants, whenever possible, in the body of the Amended Complaint, so that it is possible to determine which Defendant is being charged with responsibility for each particular grievance. *Jackson v. Nelson*, 405 F.2d 872, 873 (9th Cir. 1968).

Plaintiff's obligation to provide the "'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). At the pleading stage, the Plaintiff must allege enough facts, if taken as true, to suggest that a claim exists. This does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the claim. *Id*. at 1966. "[F]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Id*. at 1965.

All factual allegations are taken as true and construed in the light most favorable to the nonmoving party, *Iolab Corp. v. Seaboard Sur. Co*., 15 F.3d 1500, 1504 (9th Cir.1994), and all reasonable inferences are to be drawn in favor of that party as well. *Jacobsen v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir.1997). Dismissal is appropriate if the facts alleged do not state a claim that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility is not attained if the facts are merely consistent with the claims. *Twombly*, 550 U.S. at 545, 557. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Subsequent to the filing of the First Amended Complaint, if the action goes forward the Court shall grant the Plaintiff leave to electronically file in this case. The Court denies the Plaintiff's Motion for Change of Judge and Venue Transfer to Phoenix. Plaintiff asserts that federal judges in Tucson are too close to be unbiased regarding the allegations he

makes against Justice of the Peace Barth. Plaintiff mistakenly asserts that he is suing Judge Tommy Fink, a Santa Cruz County Judge; the Complaint neither names him nor alleges any facts involving him. Regardless, such Demographic proximity is not a reason for all the federal judges in Tucson to recuse and transfer venue to Phoenix. To the extent the Plaintiff complains about this Court's unfavorable dismissal of a prior case CV 14-2418 TUC DCB, Potosky v. United States Border Patrol, prior unfavorable rulings by a court are equally insufficient to require recusal. To be clear, this Court has the duty and it is within its jurisdiction to decide the Motion to Change Judge and Venue. *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (it has been "held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance").

"The standard for recusal under 28 U.S.C. §§ 144, 455 is `whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Id.* at 939. A court's recusal must be predicated upon extrajudicial conduct rather than on judicial conduct. Disqualifying bias must be a personal bias as distinguished from a judicial one. *Id.*; *Liteky v. United States*, 510 U.S. 540, 555-555 (1994).

In short, the alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. A motion for recusal based entirely on prior adverse rulings is insufficient and will be denied. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Plaintiff's charge of bias fails because it is solely related to the Court's rulings in CV 14-2418 TUC DCB, Potosky v. Border Patrol. The Court finds that no reasonable person with knowledge of all the facts would conclude that the Court's impartiality might reasonably be questioned.

**Accordingly**,

**IT IS ORDERED** that the Motion for Change of Judge and Venue (Doc. 6) is DENIED.

**IT IS FURTHER ORDERED** taking the Motion for Electronic Filing (Doc. 7) UNDER ADVISEMENT.

**IT IS FURTHER ORDERED** that the Plaintiff shall supplement the Motion to Proceed without Prepayment of Fees (Doc. 2) by filing the Court approved Application To Proceed Without Prepaying Fees and Costs. www.azd.uscourts.gov/forms-self-represented-litigants. In the event *in forma pauperis* status is denied, the Plaintiff shall be directed to pay the filing fee in order to proceed.

**IT IS FURTHER ORDERED** dismissing the Complaint, sua sponte, WITH LEAVE TO AMEND by filing a First Amended Complaint by April 13, 2020.

**IT IS FURTHER ORDERED** that THE AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "FIRST AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT. The Amended Complaint must state specific allegations against proper Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of each Defendant. THE AMENDED COMPLAINT MUST BE RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE. Local Rule 7.1(c).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS all claims and to close this case, without further notice to the Plaintiff, if he fails to file the First Amended Complaint by April 13, 2020.

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, he must follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court of Arizona (local rules). www.azd.uscourts.gov/local-rules. Plaintiff is instructed to take special notice of Local Rule 7.2 which provides specifics for civil motions, especially subsection (i) which provides that failure to file a timely response, or any other such non-compliance, "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, he must comply with the rules of service, Fed. R. Civ. P. 4-6, except to the extent that he is granted *in forma pauperis* status in which case service of the First Amended Complaint,

only, will be performed by the United States Marshal. Plaintiff shall serve upon Defendants or upon their counsel, a copy of every further pleading submitted to the Court. Plaintiff shall include a certificate stating the date a true and correct copy of any document was mailed to each Defendant or their counsel. The Court will disregard any document which has not been filed with the Clerk or which fails to include a Certificate of Service.

**IT IS FURTHER ORDERED** that the Plaintiff shall not have any *ex parte* communications with this Court, including telephone calls and letters.

Dated this 18th day of March, 2020.

_____
Honorable David C. Bury
United States District Judge