**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Pototsky, | No. CV-20-00078-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| City of Nogales, et al., | |
| Defendants. | |

On April 13, 2020, the Plaintiff filed this Complaint, asked to proceed in forma pauperis, and moved for a change of venue based on arguments that this Court and the other District Court's in Tucson should be recused. On March 20, 2020, the Court screened the Complaint pursuant to 28 U.S.C. § 1915, denied the recusal request, denied in forma pauperis status and directed him to complete the requisite Application to Proceed In Forma Pauperis, and dismissed the Complaint with leave to Amend because of pleading deficiencies and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court gave the Plaintiff until April 13, 2020 to file the Amended Complaint and Application to Proceed In Forma Pauperis.

Instead, the Plaintiff filed the Amended Complaint, but not the Application to Proceed In Forma Pauperis, and reurged recusal. On May 4, 2020, the Court affirmed the denied recusal, noted the Plaintiff was not proceeding in forma pauperis, and ordered him to serve the First Amended Complaint pursuant to Federal Rule of Civil Procedure, Rule 4.

Instead, the Plaintiff filed an appeal with the Ninth Circuit Court of Appeals, which was dismissed as an improper interlocutory appeal on May 21, 2020. Upon returning to this Court, the Plaintiff again asks to proceed *in forma pauperis.* He files the requisite Application for *In Forma Pauperis* Status. The Court denies *in forma pauperis* status on the merits.

As the Court suspected, the Plaintiff's income of approximately $19,000 per year for a single person far exceeds the $12,760 poverty guideline for 2020, which this Court uses for guidance in determining indigency. Eligibility for Medicaid, one of the more generous levels of indigency is calculated at 138% of the poverty guideline or $16,971 for a single adult. Because the Court does not grant leave to proceed *in forma pauperis* it does not screen the First Amended Complaint under 28 U.S.C. § 1915A but notes that it would survive a Rule 8 challenge. The jurisdictional challenges that may exist, as earlier described when the Court screened the original Complaint, remain especially in the context of Plaintiff's claims involving the ongoing criminal misdemeanor proceeding in Santa Cruz. The Court's assessment of the merits of the claims weighs in favor of denying *in forma pauperis* status. In the event the Plaintiff wishes to proceed with his case, he must pay the filing fee and serve his First Amended Complaint.

**Accordingly,**

**IT IS ORDERED** that the Application for *In forma Pauperis* Status (Docs. 2, 17) is DENIED.

**IT IS FURTHER ORDERED** that the Plaintiff shall serve the First Amended Complaint within 90 days of the filing date of this Order.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay the filing fee within 30 days of the filing date of this Order.

**IT IS FURTHER ORDERED** that in the event the Plaintiff fails to do either, this case may be subject to dismissal without further notice to the Plaintiff.

Dated this 1st day of June, 2020.

1
2
3
4   Honorable David C. Bury
5   United States District Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28